**Opinion issued June 28, 2012.**



In The

# Court of Appeals
### For The
# First District of Texas

———

## NO. 01-11-00089-CV

———

**THE ESTATE OF ADAM BOYD KNETSAR, TRACY NICOLE KNETSAR, AMBER LYNN KNETSAR, LESLIE P. KNETSAR, AND RONALD B. KNETSAR, Appellants**

**V.**

**AAA ASPHALT PAVING, INC., Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-45917**

---

## MEMORANDUM OPINION

On July 28, 2011, the Court dismissed this case for want of prosecution based

on appellants' failure to pay or make payment arrangements for the clerk's record. *See* TEX. R. APP. P. 37.3(b). On August 12, 2011, appellants filed a motion to reconsider, in which appellants stated that they were "making separate and contemporaneous arrangements to tender the necessary record from the trial court below." The clerk's record applied for by appellants was filed on August 19, 2011. On October 17, 2011, this Court granted appellants' motion to reconsider and submitted the case on the clerk's record filed on August 19, 2011.[1] Appellants' brief was therefore due on November 16, 2011.

On February 17, 2012, the Clerk of this Court notified appellants that their brief was past due and provided appellants with a deadline of March 8, 2012 for either filing a brief or filing a motion for extension.

Appellants filed a motion for extension of time on March 9, 2012. In their motion, appellants state that "the clerk's record from Harris [sic] County District Clerk in this cause is wholly insufficient." Appellants complain that "in excess of 80% of the pages comprising the original clerk's record herein has no relevance to the issue on appeal" and state that the appellee has requested, and obtained, a supplement to the original clerk's record.[2] Appellants inform the Court that "a

---

[1] There is no reporter's record in the case.

[2] A supplemental clerk's record was filed on November 15, 2011, after appellee

significant number of additional items are still missing from clerk's [sic] record in order to make it complete" and that the missing documents are "essential to the presentation of Appellants' argument on appeal."[3]   Appellants aver in their motion that their brief "can be filed within a week" of the filing of a supplemental clerk's record, and they request "that they be allowed to file their brief within one week of the date of which the Harris County District Clerk completes and supplements its clerk's record."

On May 3, 2012, the district clerk filed the supplemental clerk's record applied for by appellants.

Appellants' brief was originally due on November 16, 2011.   *See* TEX. R. APP. P. 38.6(a) (governing time to file brief).   Nevertheless, Appellants have yet to file a brief.   Further, in their motion for extension of time, the primary explanation[4]

---

applied for it with the trial court clerk.

3   Between the clerk's record filed August 19, 2011 and the first supplemental clerk's record filed November 15, 2011, the district clerk satisfied the requirements of rule 34.5(a).   *See* TEX. R. APP. P. 34.5(a).   If appellants wanted additional materials beyond those required by rule 34.5(a), it was incumbent upon them to request that additional items be included in the record or request a supplemental record.   The deadline for filing the brief is not modified thereby.   *See* TEX. R. APP. P. 34.5(a)(13), (b), (c), 38.6(a).

4   The other explanations offered by appellants consist of personal issues that do not adequately explain why appellants were unable to file a brief for the approximately five months between this Court's order of October 10, 2011, which reinstated the case and ordered appellant's brief to be filed within 30 days, and appellant's motion

appellants provide for their failure to file a brief, despite having then had approximately five months in which to file it, is the alleged inadequacy of the clerk's record.   Any inadequacy in the clerk's record, however, is appellants' fault, as the district clerk filed the record *requested by the appellants*.   Because the record that was filed was requested and paid for by appellants, appellants may not explain their failure to timely file a brief on any alleged deficiency in the record.   *See* TEX. R. APP. P. 35.3(a)(2) (requiring trial court clerk to prepare, certify, and file clerk's record only after fee has been paid).   Moreover, appellants failed to file their brief within the time period requested by their motion—one week after the supplemental record was filed.   Finally, appellants have now failed to file a brief for more than eight months, and the only explanation offered for the additional three-month delay is counsel's statement, in a letter to the Clerk of the Court filed June 14, 2012, that he has accepted new cases and prioritized them over this appeal.

Accordingly, we dismiss the appeal for want of prosecution for failure to timely file a brief.   *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of case).

We dismiss any pending motions as moot.

**PER CURIAM**

---

for extension of time, filed on March 9, 2012.   *See* TEX. R. APP. P. 10.5(b)(1)(C).

Panel consists of Justices Higley, Sharp, and Huddle.